## MARCELLUS *vs.* COUNTRYMAN.

A judgment in a former action is not a bar to a second action for the same cause, if at the time of the rendition of the judgment in such former action, the cause of action had not accrued.

Parol evidence is admissible to show that the demand in the second suit was not recovered for in the first, and the reason why it was not. For this purpose, the testimony of a juror in the former suit is properly received.

The only verdict a jury, in a justice's court, can render is for the plaintiff, or for the defendant, for such damages as they find the one or the other entitled to; except in actions for the claim and delivery of property, in which they may find some other facts.

Where the jury, in an action tried before a justice, found a verdict in favor of the plaintiff, for a portion of the amount claimed, and "that the note of $42.88 stand over to April 1st, next;" *held* that the latter part of the verdict was incompetent, and should have been excluded; but that the same fact, (of the note not being then due,) having been proved, by a competent witness, the defendant could not be prejudiced by that part of the verdict.

To render an agreement to extend the time of payment of a note, or other demand, valid, it must be supported by a good consideration.

Where a note is, by its terms, upon interest, if any sum in addition to the interest is agreed to be paid for the forbearance of the debt, the agreement to extend is void for usury.

A defendant, after having succeeded in defeating a recovery in a former action, brought against him, on the ground that the note sued on was not yet due, will be held *estopped* from setting up the falsity of that position, in a second action, brought for the same cause. He will be held to the position taken in the former suit.

Where it was a question for the jury, in a former suit, to determine, upon conflicting evidence, whether an agreement to extend the time of payment had been entered into, and they found there had been; *held* that if the jury decided erroneously, the error should have been corrected upon appeal in that action; and that no appeal having been taken, the verdict and judgment could not be reviewed in a second suit between the same parties.

When there is no conflicting evidence in regard to the liability of a party upon a claim on which a suit is brought, but the question of liability is one of law, solely, the refusal of the jury to allow such claim does not prevent the judgment in the action being a bar to a second action for the recovery of the demand.

THIS action was brought before a justice of the peace of the county of Cayuga, to recover of the defendant the amount due on a promissory note, made by him, and bearing date April 12, 1869, for the sum of

$42.88 and interest, payable to the plaintiff on or before the 1st of April then next. The defence was a general denial, a former suit and recovery on the same note, and a counter-claim.

The execution of the note was proved. On cross-examination of the plaintiff it appeared that he had commenced an action against the defendant, before another justice of said county, to recover the amount due on this note, with other demands. The defendant in that action set up, by way of defence to the note, that the time of payment had been extended, by agreement between the parties, until April 1, 1871. The defendant was examined as a witness in his own behalf, on that trial, and testified to an agreement to extend the time of payment till the 1st of April, 1871; the consideration being that the defendant should not charge the plaintiff for the use of a horse belonging to the defendant. The plaintiff was examined as a witness, in that case, and denied that he made any agreement to extend the time of payment of the note.

The note was not withdrawn from the consideration of the jury, and they rendered a verdict for the plaintiff for a sum named by them. The defendant moved for a nonsuit, on the ground that it was proved that there had been a recovery on the note, in the former suit. The motion was denied, and the defendant's counsel excepted. The same facts were proved on the part of the defence. The justice before whom the first action was brought, testified to the admission of the signature to the note; that the defendant insisted, by way of defence, that the time of the payment of the note had been extended, the plaintiff's denial, and that it was not withdrawn from the consideration of the jury; and that in addition to the verdict for the other claims proved on that trial, the jury stated as follows: "And that the note of $42.88 stand over to April 1st, next."

One of the jurors in the first action was sworn on the

Marcellus *v.* Countryman.

part of the plaintiff, and was asked, "What was the verdict upon the note in question, that it stand over until April 1st, 1871, founded on?" The question was objected to. The objection was overruled, and he answered: "It was founded on the testimony of the defendant that it was not then due."

A verdict was rendered in favor of the plaintiff, for the amount of the note and interest. The defendant appealed to the county court, and that court affirmed the judgment of the justice; whereupon the defendant appealed to this court.

*By the Court,* MULLIN, P. J. It is now settled that a judgment is not a bar to a second action for the same cause of action a former one was brought for, if, at the time of the rendition of the former judgment, the cause of action had not then accrued. (2 *Cowen & Hill's Notes,* 735, 736. *Bull* v. *Hopkins,* 7 *John.* 22.) It follows that parol evidence is admissible to show that the demand in the second suit was not recovered for in the first. That fact might, occasionally, be proved by written evidence; but it can very rarely be so proved. The evidence of the juror was properly received.

The only verdict a jury, in a justice's court, can render is for the plaintiff, or for the defendant, for such damages as they find the one or the other entitled to; except in actions for the claim and delivery of property, in which they may find some other facts. The part of the verdict in relation to the note not being due was incompetent, and should have been excluded. But the same fact was established by another witness, and the defendant could not be prejudiced by its admission.

The appellant's counsel insists that the note was in fact due, at the time of the commencement of the first action, and that there was no competent evidence that the time of payment had been extended. To render an agreement to extend the time of payment of a note or

other demand valid, it must be supported by a good consideration. (*Parmelee* v. *Thompson*, 45 *N. Y.* 58.) The note was, by its terms, upon interest, and if any sum in addition to the interest was agreed to be paid, for the forbearance of said sum, the agreement to extend the time of payment was void for usury. (*Vilas* v. *Jones*, 1 *N. Y.* 274.) If it be lawful for the parties to a loan to agree that a sum in addition to interest may be lawfully paid, the usury laws may as well be repealed. All notes will be payable in a few days after date, and the borrower will be obliged to pay, for an extension of time, such sum as the lender may see fit to demand.

The defendant, having succeeded in defeating a recovery in the first action, on the ground that the note was not due, will be held to be estopped from setting up the falsity of that position, in the second suit. He must be held to the position taken in the first suit. It was a question for the jury, in the first case, to determine, upon conflicting evidence, whether an agreement to extend the time had been entered into. They found there had been. If they decided erroneously, either upon the fact or the law, the error should have been corrected upon appeal in that action. No appeal having been taken, the verdict and judgment cannot be reviewed in this action.

When there is no conflicting evidence in regard to the liability of a party upon a claim on which a suit is brought, but the question of liability is one of law, solely, the refusal of the jury to allow such claim does not prevent the judgment in the action being a bar to a second action for the recovery of the demand.

What the jury said about the disallowance of the note, in the first action, was not competent, but the reason for its rejection was proved by competent evidence; and the admission of the statements of the jurors could not prejudice the defendant. Had there been any conflict of evidence, as to the ground for the disallowance

of the note, we should feel constrained to hold that the evidence of what was said by the former jury might have had some influence in producing the verdict. . But in the case before us, I am unable to see how it could have had any improper influence on the minds of the jury.

None of the rulings excepted to by the defendant seem to me to have been prejudicial to the defendant, after the proof by the juror was given, of the disallowance of the claim by the first jury.

The judgment must be affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]