(31 Misc. Rep. 384.)

### HENRY v. ROWELL.

(Supreme Court, Trial Term, Kings County. May, 1900.)

CONTRACTS—BREACH—LIMITATIONS.
> Plaintiff and his sister, defendant's decedent, in 1872 entered into an oral contract by which plaintiff was to board and lodge his sister in his household as long as she should live, and in consideration thereof she was to leave plaintiff by will all the property she should own at the time of her death. In 1884 she left plaintiff permanently, and died in 1898, leaving plaintiff by will only $100. *Held*, that plaintiff's action on quantum meruit for the services rendered accrued when deceased left his home in 1884, and hence was barred by limitations after six years.

Action by John F. Henry against George R. Rowell, executor. Motion to dismiss at close of the case. Granted.

The defendant pleaded the six-years statute of limitations.

Edward A. Scott, for plaintiff.
Elisha W. McGuire, for defendant.

GAYNOR, J. According to the testimony for the plaintiff, the plaintiff and his sister, the decedent, entered into an oral contract in 1872 by which in consideration of the plaintiff agreeing to board and lodge her in his household as long as she should live, she agreed to leave to him by will all of the property she should own at the time of her death. The complaint alleges the agreement to be that the plaintiff was to so board and lodge the decedent only "for such time as she should remain with him," in consideration of her said promise; but the submission to the jury by request of the plaintiff was of the existence of the agreement described by the testimony, and that is the agreement established by their verdict. On the agreement being made the decedent lived in the plaintiff's household for twelve years. Then she left, taking her effects with her, and took up her abode elsewhere. She never came back, although she did not die until fourteen years afterwards, viz., in 1898. She left a will by which she gave the plaintiff only $100. There was no evidence given of the value of the estate she left, but the complaint alleges it to be of the value of $8,000 and the answer alleges it to be of the value of $3,000. That her leaving the plaintiff's household was to be permanent was unmistakable at the time; but if that were not so, the fact became apparent after the lapse of a reasonable time. Such termination of her relation of boarder to the plaintiff was in

itself notice to him that the contract was not to be carried out by her. This was a breach of the contract by her, and a right of action on such breach immediately accrued to the plaintiff, and became barred after six years. The case is no different than it would be if she had refused to enter upon the carrying out of the contract. A cause of action for damages for such breach would have immediately accrued to the plaintiff. If the decedent had formally notified the plaintiff that she had decided not to further carry out the contract, it would not be questioned that his right of action for a breach of the contract would have accrued immediately; and what she did was equivalent to such notice.

The law is not that the plaintiff had a right to presume that the decedent intended to give the consideration she had promised, although refusing to receive that which she had promised to give it for. The law is the reverse. Any one may repudiate or break a contract, and does so with the knowledge of both parties that he thereby becomes liable only for the damage caused to the other party by the breach. Clark v. Marsiglia, 1 Denio, 317; Dillon v. Anderson, 43 N. Y. 231. The plaintiff could not maintain a suit in equity for specific performance, nor an action to recover the value of the property left by the decedent. The only action he could maintain is the one he has brought, i. e. to recover the actual damage he has sustained, which he puts at the value of the board and lodging he actually furnished. The cause of action for that did not arise on the failure of the decedent to leave a will giving the plaintiff all of her property. She had not agreed to leave him all of her property by will for one year's or twelve years' board and lodging, but for continuous board and lodging up to her death. If it had continued up to her death, and she had failed to leave all of her property to the plaintiff, that breach would have given a cause of action to the plaintiff. But that is not this case. She did not agree to leave to the plaintiff all of her property for twelve years' board and lodging, and her failure to leave it to him therefor was the breach of no contract. Nor did she agree to make a fair compensation by will for twelve years' board and lodging, and her failure to do so was no breach. Hence the cause of action sued upon did not arise upon such failure in either case, it being no breach, but upon the prior breach of the contract which occurred, viz., her said abandonment of it.

It needs to be kept in mind that this case is not like cases where the agreement was only a general one to make fair compensation by will for such services as might be or were to be rendered, the amount of the compensation, and sometimes the length or extent of the services, not being fixed by the agreement; as in Patterson v. Patterson, 13 Johns. 398, Martin v. Wright's Adm'rs, 13 Wend. 460, Reynolds v. Robinson, 64 N. Y. 589, and Collier v. Rutledge, 136 N. Y. 621, 32 N. E. 626. In such cases the only breach that can occur is the failure of the decedent to leave a will providing for an adequate compensation; unless, indeed, he gives notice in his lifetime of a repudiation of the contract, and of his refusal to make compensation

by will, in which case a cause of action for the value of the services rendered accrues immediately. Bonesteel v. Van Etten, 20 Hun, 468. Nor are those decisions where there was no breach by the decedent (other than by failing to make the promised testamentary compensation), whether the contract was general or definite in respect of the compensation and length of service, at all in point, such as in Patterson v. Patterson, supra, Campbell v. Campbell, 65 Barb. 639, and Robinson v. Raynor, 28 N. Y. 494. In the first and second of these cases the plaintiff was not allowed to recover during the lifetime of the promisor only because the promisor had not broken the contract. In the last, there being no breach by the promisor in his lifetime, the cause of action only arose on his dying without having made the promised compensation by will.

Where, however, the agreement is, as in this case, not indefinite, but to leave all of one's property, or a specific sum, or specific property, for continuous services up to the promisor's death, or for a fixed term or period, then if the contract be broken by a refusal to receive the service, a cause of action arises immediately on such breach. In such a case the contract does not continue to run up to the promisor's death, but is broken, and the failure to make the promised specific provision by will is not the breach upon which the cause of action accrues. It had already accrued on the prior breach. This plaintiff's action is on quantum meruit for a sum he had a right of action for on the breach of the contract by the decedent fourteen years before her death.

In this case there was a discontinuance of the contract by the decedent, and the right to bring the plaintiff's present action for the value of the board and lodging actually rendered, arose then. If the board and lodging had been furnished up to the death of the decedent, the plaintiff would then have become a creditor of the estate; but that is not the case presented.

This case is not like cases where the performance of the contract has not yet been entered upon, but is to occur or be begun at a future time, and notice of a refusal to perform is given by one party in advance, as in Frost v. Knight, L. R. 7 Exch. 111, where the promise of the defendant was to marry the plaintiff on the death of his father, or in Hochster v. De la Tour, 2 El. & Bl. 678, where the agreement of the defendant was to take the plaintiff into his service as a courier for a specified term to begin at a fixed date in the future, or in Railway Co. v. Xenos, 13 C. B. (N. S.) 825, where the agreement of the defendant was to be on hand with a ship on a future day named to receive the plaintiff's freight. In such cases although the other party may treat such advance notice as a breach, and bring an action for damages therefor at once, it seems that he may instead treat the contract as continuing in life until the contract day, and sue for the final breach made on that day. But that he can reckon the running of the statute of limitations from that day may be questioned, for the postponed action seems to be for the same cause of action which accrued by the breach in advance of the contract day; and therefore would not a plea of the statute of limitations that the cause of action accrued at that time be good? But however that may be in

such cases, in cases like the present one where the contract is broken while it is being performed by the parties, the cause of action for the breach which arises at once is the only cause of action which accrues. That the contract is not yet completed is no reason for postponing the commencement of the action to the time when it would be completed if carried out, and reckoning the running of the statute of limitations from that time. The plaintiff here was not at liberty to continue to treat the contract as in life until the decedent's death. He had not the legal right to require or demand that she leave a will giving him all of her property notwithstanding that she had not received the consideration agreed upon therefor; nor that she provide in her will for a fair compensation to him (which he is now suing for) for the amount of board and lodging which she had received from him, for she had not agreed to do that. His only right was to demand of her the damage she became liable to him for by her refusal to go on with the contract; and that he places in this action at the value of the board and lodging he furnished to her.

The case of Quackenbush v. Ehle, 5 Barb. 469, is cited as contrary to the foregoing, but it is seriously questioned as authority in the Bonesteel Case, supra, and also by a learned text writer. Wood, Lim. Act. § 120. Besides, when you examine that case you find that another action had been brought by the plaintiff during the lifetime of his father, the promisor, for the value of his services, and decided against him on the ground that it was prematurely brought, i. e. before the father's death. The judgment roll of the prior action was received in evidence, and constituted the law of the case whether the prior judgment was right or wrong. Marcellus v. Countryman, 65 Barb. 201; Railroad Co. v. Howard, 13 How. 307, 14 L. Ed. 157.

The motion to dismiss is granted.