(63 Misc. Rep. 77.)

GA NUN v. PALMER.

(Supreme Court, Special Term, Westchester County. March, 1909.)

LIMITATION OF ACTIONS (§ 46*)—ACCRUAL OF CAUSE—BREACH OF CONTRACT.

Plaintiff and decedent made a written contract, by which plaintiff was to care for decedent during her life, and decedent agreed to pay a certain amount per month while she lived, and leave plaintiff a specified amount at her death. After a few months decedent left plaintiff, and and remained away until her death, leaving plaintiff nothing. *Held*, that plaintiff's action for breach of contract accrued when decedent left her house, and was barred by limitation after six years.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 46.*]

Action by Mary F. Ga Nun, on behalf of herself and all other creditors of Jane M. Sands, deceased, against Mary E. Palmer, individually and as executrix of the will of Jane M. Sands, deceased. Judgment for defendant.

Barnum & Wells (David H. Hunt, of counsel), for plaintiff.

George H. Hyde (George H. Taylor, Jr., of counsel), for defendant.

MILLS, J. This is an action brought under the provisions of section 1, c. 314, p. 506, of the Laws of 1858, as amended by chapter 740, p. 1843, of the Laws of 1894, which reads, so far as material, as follows:

"That any executor * * * may for the benefit of creditors or others interested in the estate * * * disaffirm, treat as void, and resist all acts done, transfers and agreements made in fraud of the rights of any creditor, including themselves and others, interested in any estate or property, held by or of right belonging to any such trustee or estate. And any creditor of a deceased insolvent debtor having a claim or demand against the estate of such deceased debtor exceeding in amount the sum of one hundred dollars may in like manner, for the benefit of himself and other creditors interested in the estate or property of such deceased debtor, disaffirm, treat as void, and resist all acts done, and conveyances, transfers and agreements made, in fraud of the right of any creditor or creditors by such deceased debtor, and for that purpose may maintain any necessary action to set aside such acts, conveyances, transfers or agreements."

In November, 1899, the decedent, Jane M. Sands, a maiden lady somewhat advanced in years, entered into with the plaintiff, a cousin, the written contract alleged in the complaint, which is in the following words:

"Nov. 23, 1899.

"I, Mary F. Ga Nun, do promise to care for Jane M. Sands in sickness and health as long as she lives. I, Jane M. Sands, do promise to pay Mary F Ga Nun seventy dollars a month for the support of the house and her clothes as long as I live, and at my death she is to have twenty thousand dollars she will find in the safe deposit on New York, and she is to take my keys and dis-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tribute the packages in box as they are marked, and all my clothes and wearing apparel and silver (in short) every thing in the house shall be Mary F. Ga Nun's.                                    [Signed]   Jane M. Sands.
    "Louis W. Jansen, A. S. Leonard, M. D., W. G. Bouvier, Witnesses."

In pursuance of such contract the plaintiff undertook the care and maintenance of Miss Sands, and continued the same until May, 1900, when the decedent left the plaintiff and went to live with the defendant, with whom, some time afterwards, she entered into a somewhat similar oral contract, providing, however, for a less compensation. She continued to reside with the defendant, and to be cared for and maintained by her, until she died on the 17th of August, 1906, leaving a will making the defendant her sole legatee and devisee and appointing her sole executrix. Such will was, in March, 1907, duly admitted to probate by the surrogate of the county of Westchester, where the testatrix resided at the time of her death, and letters testamentary duly issued to the defendant, who thereupon qualified and assumed to act. At the time of her death the testatrix left substantially no estate.

The claim of the plaintiff, as indicated by the complaint, and as presented by her counsel upon the trial and in his brief submitted, is, in substance, that the plaintiff, having held herself ready from May, 1900, on to the death of the decedent, to perform the services required of her by the written contract, was entitled at the death of the decedent to receive the sum of $20,000 mentioned in the agreement, and was therefore a creditor of the decedent at the time of her death for that amount, and that the decedent died practically insolvent, and that prior to her death, and during the interval when she was residing with the defendant, she, without consideration, transferred to the defendant a considerable amount of property; and the plaintiff in this action seeks to have such transfers adjudged fraudulent as to the creditors of the decedent, and especially as to her, and therefore set aside, and the property applied to the payment of such creditors. The answer sets up as a special defense the six-year statute of limitations.

The evidence abundantly establishes that the breach by the decedent of the written contract between her and the plaintiff took place in May, 1900. The decedent left the house of the plaintiff in that month, took her own chattels away from the same, and went to live with the defendant at Poughkeepsie. The plaintiff thereupon, and, indeed, shortly before, employed a lawyer to enforce her claims against the defendant. He presented to the deceased a bill in behalf of the plaintiff for the compensation or allowance of $70 a month up to May 1, 1900, and wrote to her several letters in effect demanding payment of such bill, and stating that, if the matter were not speedily settled, suit would be commenced. All the material facts indicate to my mind very decisively that both parties to the written contract understood, in May, 1900, that the defendant had broken the same, and that her retirement from the plaintiff's home constituted such breach. The decedent died August 17, 1906, more than six years after the breach.

It seems to be well established by the case of Henry v. Rowell, 31 Misc. Rep. 384, 64 N. Y. Supp. 488, affirmed by the Appellate Division of the Second Department upon appeal, on the opinion of Mr. Jus-

tice Gaynor at Special Term (63 App. Div. 620, 71 N. Y. Supp. 1137), that the cause of action for such a breach must be regarded as having accrued at once upon and after the breach, whatever measure of damages the plaintiff may elect to claim. While, in that case, the plaintiff elected to claim upon a quantum meruit for the value of the 12 years of board and lodging already furnished, the reasoning of the opinion of Mr. Justice Gaynor at Special Term seems to me to be equally applicable and controlling in a case where the plaintiff may elect to claim as well the value of the broken contract, as presumptively being the compensation for the full service. Such opinion upon that point said:

"In cases like the present one, where the contract is broken while it is being performed by the parties, the cause of action for the breach which arises at once is the only cause of action which accrues. That the contract is not yet completed is no reason for postponing the commencement of the action to the time when it would be completed, if carried out, and reckoning the running of the statute of limitations from that time. The plaintiff here was not at liberty to continue to treat the contract as in life until the decedent's death. He had not the legal right to require or demand that she leave a will giving him all of her property, notwithstanding that she had not received the consideration agreed upon therefor, nor that she provide in her will for a fair compensation to him (which he is now suing for) for the amount of board and lodging which she had received from him; for she had not agreed to do that. His only right was to demand of her the damage she became liable to him for by her refusal to go on with the contract, and that he places in this action at the value of the board and lodging he furnished to her." 31 Misc. Rep. 387–388, 64 N. Y. Supp. 491.

From this extract I infer that, whatever might be the measure of damages, such breach creates only one cause of action, then immediately accruing. It seems to me, therefore, plain that, if the plaintiff's cause of action be otherwise established, it was before the death of the decedent barred by the six-year statute of limitations.

Therefore, without attempting to determine the other controverted questions, I decide that the defense of the statute of limitations as a bar to plaintiff's claim is proven, and that hence defendant is entitled to judgment dismissing the complaint upon the merits, with costs.