# PAUL, EXECUTOR, *v.* SNYDER.

[No. 7,806.    Filed January 28, 1913.]

1. WILLS.—*Contract to Bequeath or Devise.—Evidence.—Sufficiency.*—Evidence showing that shortly after plaintiff moved onto the farm of decedent, he and the decedent went together to a justice of the peace, where a will was prepared by decedent by which he devised and bequeathed to plaintiff and his heirs all his real and personal property, and that at that time decedent said he wanted plaintiff and his heirs to have his property, that he loved plaintiff and his children and wanted them to have his farm, and that he wanted plaintiff to come and run it until he died and take care of him in his old age, was sufficient to warrant the jury in drawing an inference that the will was made in consideration

of an agreement on the part of plaintiff to move on decedent's farm and run it so long as decedent lived, and to take care of him in his old age. p. 293.

2.   APPEAL. — Review. — Evidence. — Verdict. — Conclusiveness. —Where the evidence is of such a character that opposite inferences may reasonably be drawn therefrom, a finding by the jury of a fact, sustained by either of such inferences, is supported by evidence and will not be disturbed on appeal. p. 294.

3.   WILLS.—Contracts to Bequeath or Devise.—Breach.—Remedy.— Where a person has fully performed his contract to perform services and board and care for another during his lifetime, in consideration of the other's promise to will all his property to him, he may, upon the failure of the other party to leave such a will in force at his death, recover as damages for such breach the reasonable value of the services rendered under such contract. p. 295.

4.   LIMITATION OF ACTIONS.—Accrual of Cause of Action.—Breach of Contract to Bequeath or Devise.—Where a person fully performs his contract to perform services and to board and care for another during his lifetime, in consideration of the other's promise to will all his property to him, and the other party fails to leave such a will in force at his death, the breach occurs immediately prior to his death, at which time the cause of action accrues and the statute of limitations begins to run. p. 295.

5.   LIMITATION OF ACTIONS.—Accrual of Cause of Action.—Breach of Contract to Bequeath or Devise.—Where a party who has agreed to will all his property to another, in consideration of the other's services in running his farm and providing him board and care during life, prevents performance on such person's part by so mistreating him that he is compelled to abandon his efforts to perform, the contract is terminated at the time of such abandonment and thereupon the statute of limitations begins to run against the right of action for the value of services rendered under the contract. p. 296.

From Carroll Circuit Court; James P. Wason, Judge.

Action by Cary Snyder against Earl P. Paul, executor of the will of Jeremiah Snyder, deceased. From a judgment for plaintiff, the defendant appeals. Reversed.

Boyd & Julien, for appellant.
Charles R. Pollard and James O. Obear, for appellee.

LAIRY, J.—Appellee filed a claim against the estate of Jeremiah Snyder, deceased, in which he alleged that he

lived on the farm of decedent from February, 1897, to November, 1898, during which time he furnished board and performed services for decedent, and provided materials for the construction of improvements to the farm. An itemized statement of the materials provided, the services rendered, and the board and care furnished is set out in the claim, and it is alleged that all of the items set out were provided and furnished at the special instance and request of decedent, under a contract whereby decedent agreed to pay therefor by the execution of a will, by the terms of which he would devise and bequeath to the claimant all the real estate and personal property of which he was the owner. It is further alleged that on February 5, 1897, a will was executed in accordance with the terms of such contract, but that it was afterward revoked by said decedent, without the knowledge or consent of claimant, and that decedent died on March 4, 1909, without having paid claimant and without having made any provision by will for the payment of the indebtedness due him.

A trial resulted in a verdict for appellee. Appellant's motion for a new trial was overruled, and judgment rendered on the verdict. Several errors are assigned on appeal, but the only one presented by appellant's brief is the action of the court in overruling the motion for a new trial.

The first contention of appellant is that the evidence wholly fails to establish the contract set out in the complaint.

1. It is true that there is no direct evidence of any negotiations between appellee and Jeremiah Snyder resulting in the contract alleged, but the evidence shows that appellee and his wife moved on the farm of decedent in February, 1897, and that shortly after, appellee and decedent went together to a justice of the peace, where a will was prepared by Jeremiah Snyder, by which he devised and bequeathed to Cary Snyder and his heirs all of his real and personal property. The evidence further

shows that decedent said at the time of making the will that he wanted Cary Snyder and his heirs to have his property, that he loved Cary and loved his children, and wanted them to have his farm, and that he wanted Cary to come and run it until he (decedent) died, and take care of him in his old age.

The fact that the will was executed about the time appellee moved to the farm of decedent, when considered in connection with the statements made by decedent at the time, and the services performed by appellee, as shown by the evidence, was sufficient to justify the jury in drawing an inference that the will was made in consideration of an agreement on the part of appellee to move on the farm, and run it so long as decedent lived, and to take care of him in his old age. The jury evidently did infer such a contract from the evidence, and while it is possible that an opposite inference might have been drawn from the evidence, the one drawn by the jury is certainly legitimate and reasonable. Where the evidence is of such a 2. character that opposite inferences may reasonably be drawn therefrom, a finding by the jury of a fact sustained by either of such inferences is supported by evidence and will not be disturbed on appeal. *Siebe* v. *Heilman* (1906), 38 Ind. App. 37, 77 N. E. 300; *Knoefel* v. *Atkins* (1907), 40 Ind. App. 428, 81 N. E. 600.

The statute of limitations was relied on as a defense at the trial of this case, and it is asserted on appeal that the evidence shows without dispute that the right of action in favor of appellee accrued more than six years before this action was commenced. Both parties to this appeal agree that the evidence shows, without conflict, that appellee moved away from the farm of Jeremiah Snyder in November, 1898, and that the items sued for were all furnished and provided prior to that date. Appellant contends that the right of action in favor of appellee accrued at the time

he left the farm and ceased to render services or to provide board under the contract, while appellee claims that the contract to pay him by executing a will in his favor was a contract to pay at the date of the death of decedent, and that his right of action for services rendered under such agreement did not accrue until that date.

The contract, which the evidence in this case tends to establish, was to the effect that Cary Snyder should live on the farm and run it so long as Jeremiah Snyder lived, and that during that time he would board the latter, and care for him in his old age. In consideration of these services to be so rendered by appellee, Jeremiah Snyder was to will all his property to appellee and his heirs. If this contract had subsisted unbroken by either party until the death of Jeremiah Snyder, and if he had complied with its terms by executing his will in accordance therewith, appellee would have received the compensation for his services at that time. Jeremiah Snyder had his entire lifetime in which to perform his part of the contract, and this he might have done by executing his will in accordance with his promise, and leaving it unrevoked until his death. If appellee had fully performed the contract on his part, and decedent had broken it by failing to leave such a will in force at his death, appellee would have been entitled to recover, as damages for such breach, the reasonable value of the services rendered under such contract. In such a case the breach of contract which gives rise to a cause of action occurs immediately prior to the death of the party who has agreed to leave the property by will, and the cause of action accrues at that time, and the statute of limitations runs from the date of death. *Purviance* v. *Purviance* (1896), 14 Ind. App. 269, 42 N. E. 364; *Riddle* v. *Backus* (1874), 38 Iowa 81; *Hull* v. *Thoms* (1909), 82 Conn. 647, 74 Atl. 925.

In this case, however, the evidence most favorable to ap-

pellee shows that Jeremiah Snyder committed a breach of the contract on his part more than ten years before his death, by so mistreating appellee and his wife as to make it impossible for appellee to perform the contract on his part, and that, by reason of the misconduct of decedent, appellee was compelled to abandon his efforts to perform the contract on his part and to move away from the farm, which he did in November, 1898. In view of these facts, we think that the contract was terminated by breach in November, 1898, and that appellee's right of action to recover for the value of the services rendered up to the time of such breach accrued at that time. In such a case, the statute of limitations runs from the date of the termination of the contract by breach. *Bonesteel* v. *Van Etten* (1880), 20 Hun (N. Y.) 468; *Henry* v. *Rowell* (1900), 64 N. Y. Supp. 488, 31 Misc. 384; *Taggart* v. *Tevanny* (1891), 1 Ind. App. 339, 27 N. E. 511; Wood, Limitations (2d ed.) §120. We quote the following language of the court in the case first cited: "The contract between these parties, if any existed, was at an end in 1859. The defendant's testator had terminated it with offensive language and driven the plaintiff from his house. There was a breach of the contract by the father. He would not allow plaintiff to earn the wages agreed upon. By such breach of the contract, by such refusal to perform, the father became liable to plaintiff for the value of the services already rendered. The plaintiff could have brought his action for his damages immediately." In the case of *Henry* v. *Rowell, supra,* the court used the following language: "It needs to be kept in mind that this case is not like cases where the agreement was only a general one to make fair compensation by will for such services as might be or were to be rendered, the amount of the compensation, and sometimes the length or extent of the services, not being fixed by the agreement; as in *Patterson* v. *Patterson* [1816], 13 Johns *379, *Martin* v.

*Wright's Admrs.* [1835], 13 Wend. *460, 28 Am. Dec. 468; *Reynolds* v. *Robinson* [1876], 64 N. Y. 589; and *Collier* v. *Rutledge* [1892], 136 N. Y. 621, 32 N. E. 626. In such cases the only breach that can occur is the failure of the decedent to leave a will providing for an adequate compensation; unless, indeed, he gives notice in his lifetime of a repudiation of the contract, and of his refusal to make compensation by will, in which case a cause of action for the value of the services rendered accrues immediately.''

No contract to compensate appellee by will for such services as he might render at any time during the lifetime of Jeremiah Snyder can reasonably be inferred from the evidence. When appellee was denied the right to perform his part by the conduct of the other party thereto, it would be absurd to hold that he would have to wait until the death of appellee to get, not what was provided for by the contract, but only the reasonable value of the services rendered.

The verdict is not sustained by the evidence and is contrary to law, and the judgment must be reversed.

Judgment reversed, with directions to grant a new trial.

NOTE.—Reported in 100 N. E. 571. See, also, under (1) 40 Cyc. 1072; (2) 3 Cyc. 348; (3) 40 Cyc. 1070; (4) 25 Cyc. 1065; (5) 25 Cyc. 1068. As to a contract to make a will, see note to *McCoy* v. *McCoy* (Ind.), 102 Am. St. 240. As to the bar of the statute of limitations in will contests, see 49 Am. St. 710. As to the running of the statute of limitations against an action for services performed in consideration of an oral agreement to compensate by will, see 8 Ann. Cas. 113.