IN THE MATTER OF THE TRUSTEESHIP OF FLORENCE C. WIDAU. IN THE MATTER OF THE CLAIM OF JAMES W. WILSON, EXECUTOR OF THE ESTATE OF PEARL WILSON, DECEASED. HELEN SMITH, NORMA CAVITT, MARION C. CAVITT, MARY CAVITT, TREON YOUNG, ADMINISTRATOR OF THE ESTATE OF ELIZABETH OLDHAM HALL AND RICHARD E. MCBRIDE. JAMES W. WILSON, EXECUTOR.

[No. 1-1077A232. Filed August 8, 1978.]

*Hughes & Young*, of Rushville, for appellants, Helen Smith, Norma Cavitt, Marion C. Cavitt, Mary Cavitt, Treon Young; *Hughes & Hughes*, of Indianapolis, for appellant Richard E. McBride.

*Jack Clarkson, Clarkson & Worth*, of Rushville, *John S. Grimes*, of Indianapolis, for appellee James W. Wilson.

ROBERTSON, J. — Claimant-appellee, James W. Wilson (hereinafter Claimant), as executor of the estate of Pearl Wilson (hereinafter Pearl), submitted, for personal services rendered, a claim against a trust created for the care and benefit of Florence C. Widau (hereinafter Florence). From a finding and judgment in favor of claimant, respondents-appellants Helen Smith, Norma Cavitt, Marion C. Cavitt, Mary Cavitt, Treon Young, administrator of the estate of Elizabeth Oldham Hall, and Richard C. McBride (hereinafter Respondents) bring this appeal.

Five issues have been presented on appeal by Respondents. Because of our disposition of this appeal, we treat but the first issue: whether the trial court erred in not finding the Claimant's claim barred by a statute of limitations.

We reverse.

The complex facts from which this case arises are as follows. On June 20, 1908, John A. Widau (Widau), reserving in himself a life estate, conveyed by deed his 120 acre Rush County farm to his retarded daughter, Florence, for life, the remainder to his other children or their issue by

representation. The deed also purported to create, by the following language, a trust.

> I hereby appoint my daughter, Laura M. Hamilton, as trustee, to collect, after my decease, all the rents and income from the said real estate and to turn the same into a fund to be known as the John A. Widau Trust Fund. The trustees shall have the power to continue to rent and collect same and apply same to said trust fund. The trustees shall provide some suitable room and place for Florence C. Widau to board and room, and shall pay not to exceed five dollars per week, except in case of sickness, then medical aid and nurse may be employed. Florence Widau shall have the privilege to choose with whom she wishes to board and room.

> The Trustee shall have the power to use any of said trust fund for the purpose of furnishing wearing apparel for Florence, also to use the funds for transportation and other pleasure trips for Florence, as the Trustee may deem proper. The Trustee shall receive pay for the services rendered, not to exceed $50.00 per year, and may employ legal counsel if necessary. If the Trustee herein named declines to act or dies, then my daughter, Elnora M. Cavitt shall succeed her. If that Trustee dies or declines to act, then my daughter, Pearl Wilson, shall be her successor. If that Trustee declines to act or dies, then the Circuit Court of Rush County, Indiana, shall appoint the successor.

> The Trustee shall make an annual report of the funds and shall give bond to the amount of $1,000, payable to the State of Indiana for the benefit of the said Florence C. Widau during her life time. The trustee shall paint the buildings on said land every three years provided she shall have sufficient funds, and she shall keep them insured.

Also in 1908, Pearl apparently commenced to care for her sister, Florence, and such care seems to have continued uninterrupted through May 9, 1933, when Widau expired. As Florence expressed the desire, after Widau's death, to reside with Pearl, Pearl continued to care for Florence until the latter's death January 20, 1961.

After the first two above appointed persons rejected the trust, Pearl became trustee of the fund. Thereafter, she rented the farm and collected the rents and profits. From 1939, the farm was rented to Pearl's husband, William Wilson, and Pearl, her family, and Florence resided on the farm. For a portion of the period of such residency, James Wilson,

Pearl's son, and his family were permitted to occupy another dwelling of the farm, and no rent was collected therefor. There was testimony before the trial court to the effect that the aggregate rental value of the farm from 1940 through 1960 was at least $60,000.00 as opposed to the aggregate rentals of $18,720.00 actually collected for the period from March 1, 1934 to March 1, 1960.

Pursuant to the terms of the deed and as reported in biennial partial reports submitted to the Rush Circuit Court, Pearl charged the trust $50.00 each year for her services as trustee, save 1959 and 1960 when the charge to the trust was $100.00 per year. Also pursuant to the terms of the deed and as reported in the partial reports, Pearl charged the trust $5.00 per week from May 9, 1933 until Florence's death for the "care and keep" of Florence by Pearl as an individual and not as trustee.

Pearl died in March of 1963, and her son, James Wilson, became executor of her estate, apparently succeeded her as trustee of the trust, and later, on September 26, 1974, submitted a claim against the trust for the value of services rendered to Florence by Pearl. That claim, omitting formal parts, is as follows:

## CLAIM

James W. Wilson, as Executor of the Estate of Pearl Wilson, deceased, being duly sworn on his oath, states that Florence C. Widau was, during her lifetime, and this trust is indebted to the claimant's decedent, Pearl Wilson, and that there is due from this trust to this claimant's decedent the sum of $52,000.00 plus interest at the rate of eight percent (8%) per annum.

The basis of this claim is that the claimant's decedent did provide care, food and clothing, medical expenses, medicine and all other necessary living expenses for the said Florence C. Widau from the year 1908 to the time of the death of the said Florence C. Widau. That the value of such service was at the rate of $20.00 per week; that there is due the claimant's decedent from this trust the sum of $52,000.00 being the sum of two thousand six hundred (2600) weeks care at the rate of $20.00 per week. That this trust is not entitled to any credits or deductions and that the said claim after deducting all credits set-offs and deductions to which the said Trust is entitled is justly due and wholly unpaid.

s/ James W. Wilson

James W. Wilson

The Rush Circuit Court found for the claimant in the sum of $26,680.00[1] and further found that the trust was not entitled to any credits, deductions, or set-offs. That judgment is the basis of this appeal by the Respondents.

## PRIOR PROCEEDINGS

There have been several prior proceedings which bear upon this appeal. The record discloses little regarding the background of those proceedings as it contains only copies of the judgments rendered in those proceedings or references to them. Chronologically, those prior proceedings, as they relate to this appeal are:

1961 — Rush Circuit Court — Cause #2254.

> Pearl filed against the estate of Florence Widau a claim almost identical to the one here at issue. Presumably, that claim was denied.

1968 — Decatur Circuit Court — Cause #4765

> In an action entitled Richard E. McBride v. Pearl Wilson et al., summary judgment was rendered which found that the aforementioned deed had created a trust, that the real estate "and the income therefrom, from and after the creation of the Trust, constituted the corpus of the Trust for the benefit of said incompetent daughter," and that subsequent conveyances executed concerning that real estate conveyed no interest.

1972 — Decatur Circuit Court — Cause #4765

> Judgment was rendered which found that the remaindermen were the owners in fee simple of the real estate and set forth their fractional shares. Partition by sale was ordered with the proceeds to be held in trust pending a determination of the validity and amount of an alleged lien against the real estate claimed by James Wilson, executor of Pearl's estate, in a counterclaim. The court found that it had no jurisdiction over the subject matter of such counterclaim.

Apparently, no appeal was taken from any of these proceedings.

---

1. Although the trial court does not indicate how this figure was reached, we infer from simple arithmetic that it represents roughly the product of $20.00 times the number of weeks of care provided after the trust became operative in 1933.

## PRESENT PROCEEDINGS

Before addressing the issues raised in this appeal, we cannot help but remark that some of the events and legal relationships existing in the factual matrix of this case are quite unusual. Foremost among these is an anomaly regarding the nature of the trust itself. Viewed from an objective perspective, the "trust" and its operation have characteristics of both a trust and a guardianship without fully satisfying the description of either. *See*: Ind. Code 1971, 30-4-2-6.7; IC 29-1-18-30; BOGERT & BOGERT, LAW OF TRUSTS § 17 (5th ed. 1973). Nevertheless, as the parties have stipulated to the trust and the trial courts have treated it as a trust, we shall not disturb that characterization.

Neither do we comprehend how or why the trust survived the purpose of its creation and the decease of its sole beneficiary. *See*: 28 I.L.E. *Trusts* § 33 (1960). But, again as this has not been raised as an issue and is not critical to this appeal, we shall not discuss it further.

Respondents first assert as error the trial court's failure to find the claim barred by a statute of limitations. Whether this assertion has any merit depends upon a determination of the nature of the claim being made against the trust.

Respondents argue that the claim is on a contract not in writing and that in accordance with IC 34-1-2-1 and in deference to the holding in *Logan v. Hite* (1938), 214 Ind. 233, 13 N.E.2d 702, any action thereon must be brought within six years of the cessation of services or it is barred. Thus, Respondents maintain that since Florence died January 20, 1961, this claim, filed September 26, 1974, should be barred.

Respondents' designation of the claim as one on a contract not in writing seems to have been arrived at by a process of elimination. Neither Claimant's claim, Claimant's reply to Respondents' answer to the claim, nor the record of the trial proceedings provide any clue that the claim is based on a document or express agreement. Respondents, apparently then, deduce that the basis is a contract implied by law.

Claimant seems to argue at some points in his brief that the claim was submitted on behalf of Pearl for her services as trustee and at other points in the brief that the claim is for services rendered in her individual

capacity and not as trustee. To further complicate the issue, Claimant, in his brief, asserts variously that:

a)  The statute of limitations defense is not applicable in this case as the courts in prior proceedings "all found the existence of a claim of the appellee without determining its exact amount.";

b)  The claim is based on written documents and was filed within the time prescribed by IC 1971, 34-1-2-2 and 3[2] for written instruments. In support thereof, Claimant refers to the following written documents:

  i)  The 1908 deed by Widau which created the trust;

  ii)  Pearl's claim against Florence's estate filed in 1961 in Rush Circuit Court Cause #2254;

  iii)  The Partial Reports of the trust submitted to the Rush Circuit Court for the period from March 1, 1934 through 1972.

c)  The claim is one on *quantum meruit*.

Because the actual physical care of Florence was not among the duties of the trustee, we treat the claim as one on behalf of Pearl in her individual capacity. We are not convinced, though, that the result in this case would differ if we were to treat the claim as one on behalf of Pearl as trustee.

Claimant's contention regarding the inapplicability of a statute of limitations is hindered by a lack of supportive evidence. While it may be the case that courts in prior proceedings found the existence of a claim, except for the trial proceeding from which this appeal arises, the record is devoid of any judicial determination that the claim is valid. Indeed, the trial court in Decatur Circuit Cause #4765 stated it had no subject matter jurisdiction to determine the validity of the claim. Recognition by a trial court that a claim has been filed cannot be equated with a judicial determination of the validity of the claim. Certainly, we see no justification for the invocation of the doctrine of *res judicata* in this case.

---

2.  IC 34-1-2-2 would permit actions upon contracts in writing other than those for the payment of money to be brought within 20 years. Under IC 34-1-2-3, all actions not limited by any other statute shall be brought within 15 years. Claimant fails, though, to explain how the documents to which he alludes come within the purview of these statutes.

Turning next to Claimant's assertion that the claim is based on written documents, it appears that Claimant misapprehends the operation of the statutes of limitations. The mere existence of any written document associated with a cause of action does not enable a claimant to avoid the shorter statute of limitations for unwritten contracts. The written document must in fact be the basis for the claim being pressed. In the instant case, as we have noted, the record does not disclose which, if any, written document Claimant relied upon to support his claim at trial. On appeal, Claimant still seems to be uncertain, as this Court has been presented with a multiple choice — the 1908 deed, the 1961 claim against Florence's estate, or the Partial Reports of the trust. We have concluded the claim is not legitimately founded in any of these documents.

It cannot reasonably be said that any obligations or rights (other than as a remainderman) resided in Pearl, as an individual, by operation of the 1908 deed. The trust portion of the deed charged the trustee with the responsibility of procuring a place for Florence to board and room and authorized the trustee to pay up to $5.00 per week to the person providing such board and room. We think it is clear that the board and room provided by Pearl were provided by her as an individual and not in her capacity as trustee; that function simply was not among the duties of the trustee.

The simplest, albeit conceptually awkward, description of Pearl's role, *as an individual,* in this transaction is that of a party to a "contract" with Pearl *as trustee,* to provide care for pay for Florence, the third party beneficiary. Pearl, as trustee could have contracted with a nursing home or any other person to care for Florence. That she, as an individual, undertook the provision of that care puts here in no better position to invoke the trust document than any other creditor or party to a contract with the trustee.

We are not impressed by Claimant's argument that the claim filed in Rush Circuit Cause #2254 against the estate of Florence is a written document supporting the claim at issue here. This is an obvious bootstrap argument. The former claim sought the same payment for the same services as does the present claim. The record provides no inference that the former claim was upon a written document. We fail to see how the

prior unsubstantiated claim could now be utilized to substantiate this claim. It has no value for that purposes.

Neither are we persuaded by Claimant's argument that the Partial Reports of the trust support the present claim. Those reports do no more than recapitulate the financial accounting of the trust. They are records which, in and of themselves, create no financial liability. In passing, we might also disabuse Claimant of his view of those reports as "binding judgments" on the Respondents.

In sum, we find no merit in Claimant's assertion that the claim is one upon a written document.

As we view the claim submitted in this cause (set out earlier in this opinion), we concur with Claimant's alternative appraisal of that claim as one on *quantum meruit.* The language of the claim comports well with the typical claim on *quantum meruit*[3] in that it alludes to no express agreement as the foundation of the claim but, instead, seeks to recover the reasonable value of services rendered. Although the claim appears to be flawed by its failure to take into account as a set-off the $5.00 per week already received by Pearl for her services and because it seeks recovery from the trust rather than from Florence (or her estate), the party actually receiving the services, those flaws affect not at all the nature of the claim as one on *quantum meruit.*

*Quantum meruit* has come to be identified with quasi-contract, or a contract implied in law, where there is no contract in the true sense but where, to avoid an unjust enrichment, the courts permit recovery of the value of the services rendered just as if there had been a true contract. There is credence then to Respondent's contention that the claim is one on a contract not in writing — the contract being one implied in law.

It is well-settled, we think, that a claim, whatever its label — *quantum meruit,* quasi-contract, or contract implied in law, is subject to the statute of limitations for a contract not in writing. *Schoonover v. Vachon* (1889), 121 Ind. 3, 22 N.E. 777; *Crampton v. Logan* (1902), 28 Ind.App. 405, 63 N.E. 51; *Koehring Company v. National Automatic Tool Co.* (S.D. Ind.

3. For example, *see Taggart v. Tevanny* (1891), 1 Ind.App. 339, 343, 27 N.E. 511, 512.

1966), 257 F.Supp. 282; 51 Am. Jur.2d *Limitation of Actions* § 101 (1970).

We are thus constrained to the view that the trial court erred when it did not find this claim barred by the IC 34-1-2-1 six year statute of limitations.

Our scrutiny of the record and the parties' briefs suggests that other of Respondents' issues presented in this appeal may be meritorious, but because our treatment of the statute of limitations question is dispositive of the case, we do not address those other issues.

Reversed.

Lybrook, P. J. and Lowdermilk, J. concur.

NOTE—Reported at 378 N.E.2d 936.