In the Matter of the ESTATE OF Verda V. CARROLL, Deceased.

Keith CARROLL, Personal Representative of the Estate of Verda V. Carroll, Deceased, Appellant (Defendant below),

v.

Harold REED and Margaret Reed, Appellees (Claimants below).

No. 2–881A289.

Court of Appeals of Indiana, Second District.

June 24, 1982.

David B. Keller, Paul D. Mathias, Shoaff, Parker & Keegan, Fort Wayne, for appellant.

Jeffery L. Helmerick, Smith, Helmerick & Smith, Lafayette, for appellees.

SHIELDS, Judge.

Verda V. Carroll died testate on April 24, 1979. On October 23, 1979 Harold and Margaret Reed filed a claim against her estate for the alleged breach of an enforceable contract to make a will. The executor of decedent's estate, Keith Carroll, disallowed the claim and the matter proceeded to trial on October 2, 1980. At trial, the Reeds presented evidence in support of their case

in chief and the matter was then recessed. Thereafter the estate filed a motion to dismiss for failure to state a claim alleging the action was barred by the statute of limitations.[1] The trial court granted the motion. The Reeds then filed a timely motion to correct error which was granted by the trial court as follows:

> "The Court, having taken plaintiff's Motion to Correct Errors under advisement, now grants plaintiff's Motion to Correct Errors. The Court finds that the court commited [sic] an error of law in granting the executor's motion to dismiss. Executor's Motion to Dismiss denied. Trial of claimant's claim ordered continued. Notices ordered."

Record at p. 93.

On appeal, the executor of the estate contends the trial court erred as a matter of law when it granted the motion to correct error.

■ A complaint may not be dismissed for failure to state a claim unless it appears from the face of the complaint that under no circumstances could relief be granted. *Parsley v. Waverly Concrete and Gravel Co.*, (1981) Ind.App., 427 N.E.2d 1. In ruling on such a motion the trial court is required to view the complaint in a light most favorable to the nonmovant and with every intendment in his favor. The trial judge may only look at the complaint and well-pleaded material must be taken as admitted. *Anderson v. Anderson*, (1979) Ind. App., 399 N.E.2d 391.[2]

■ A motion to dismiss for failure to state a claim on which relief may be granted may be an appropriate means of raising the statute of limitations. *Middelkamp v. Hanewich*, (1977) 173 Ind.App. 571, 364 N.E.2d 1024. However, in order for the movant to prevail it must appear as a fact on the face of the complaint that the action is barred by the statute of limitations. *Citizens National Bank of Grant County v. First National Bank in Marion*, (1975) 165 Ind.App. 116, 331 N.E.2d 471.

In their claim the Reeds contend they rendered services to decedent and her first husband in exchange for the husband's promise they would inherit certain property from him subject only to decedent's life estate. Apparently decedent's husband did not transfer the property to claimants at his death. In addition, decedent's will did not make any specific provision for the property in question which presumably passed through the will's residuary clause to another beneficiary. The Reeds, therefore, assert they are entitled to specific performance of an allegedly enforceable contract or, in the alternative, the fair market value of the services based on the theory of *quantum meruit.*

The estate, on the other hand, argues there was no enforceable contract between decedent and claimants. Thus, the only theory upon which the Reeds could recover for services rendered would be an action in *quantum meruit* and, because the six year statute of limitations for such an action begins to run at the time services ceased, such action is barred.[3]

---

1. The purpose of a motion to dismiss for failure to state a claim on which relief may be granted is not to adjudicate factual disputes; rather it is to test the sufficiency of the claim on its face. Therefore, while the parties have addressed factual issues, we confine our inquiry to an analysis of the sufficiency of the claim.

2. The estate made the motion to dismiss for failure to state a claim after Reeds had presented evidence in support of their case in chief. Nonetheless, the motion was timely. Ind.Rules of Procedure, Trial Rule 12(H)(2) provides:

    "A defense of failure to state a claim upon which relief can be granted, a defense of failure to join an indispensable party under Rule 19(B), and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(A) or by motion for judgment on the pleadings, or *at the trial on the merits.*" (emphasis supplied)

3. I.C. 34–1–2–1 (Burns Code Ed.) provides in pertinent part:

    "The following actions shall be commenced within six [6] years after the cause of action has accrued, and not afterwards.
    "First. On accounts and contracts not in writing . . ."

    The six year statute of limitations governing oral contracts has specifically been applied by this court to actions in *quantum meruit. In re Widau*, (1978) Ind.App., 378 N.E.2d 936.

We agree with the estate that the trial court erred as a matter of law when it granted claimants' motion to correct error. The claim does not assert the existence of any contract or agreement between decedent and claimants. Quite to the contrary, it alleges that it was Edward Keith Redding, decedent's first husband, who entered into an agreement with claimants. The claim states in pertinent part:

> "Whereas at all times during his lifetime (EDWARD) KEITH REDDING has indicated to claimants and others that for all the services being performed for their care he 'wont pay, because you'll make out allright in the end' having promised to leave the house located at 1320 Riverside Drive, Huntington, Indiana to the claimants, subject only to the lifetime use of it by VERDA V. REDDING CARROL: and:"

The above language, on its face, clearly contemplates an agreement between Mr. Redding and claimants; it does not purport to allege decedent was a party to the alleged contract.

Because a contractual relationship between decedent and claimants is not alleged, the instant action must be based on the theory of *quantum meruit.* Any action premised on such theory seeks to recover the fair market value of services rendered on behalf of the decedent. As this court stated in *In re Widau,* (1978) Ind.App., 378 N.E.2d 936, 941:

> "*Quantum meruit* has come to be identified with quasi-contract, or a contract implied in law, where there is no contract in the true sense but where, to avoid an unjust enrichment, the courts permit recovery of the value of the services rendered just as if there had been a true contract."

The distinction between an action on the contract and one in *quantum meruit* is an especially significant one under the alleged facts. Generally, the statute of limitations for an action based upon the breach of an enforceable contract to make a will does not commence to run until decedent's death. *Paul v. Snyder,* (1913) 52 Ind.App.

291, 100 N.E. 571. However, where the action is for the fair market value of services rendered over the course of years, based upon *quantum meruit,* the period of limitations begins to run, not at testator's death, but at the time the services cease. *Ayres v. Smith,* (1949) 227 Ind. 82, 84 N.E.2d 185; 79 Am.Jur.2d, Wills, § 346 (1975).

An examination of the claim reveals claimants last rendered services to decedent and her first husband in 1957, over twenty years prior to decedent's death and the commencement of the present action. We, therefore, agree with the estate's contention that the instant claim is barred by the six year statute of limitations applicable to actions in *quantum meruit.* The trial court thus erred as a matter of law when it granted the Reeds' motion to correct error and set aside its order dismissing the matter for failure to state a claim upon which relief may be granted. Therefore, the judgment of the trial court granting the motion to correct error is reversed and this cause is remanded with instructions to the trial court to enter a judgment of dismissal.

BUCHANAN, C. J., and SULLIVAN, J., concur.