No. 13,450.

CARVER v. FENNIMORE.

TENANCY IN COMMON.—*Occupying Claimant.—Rents and Profits.—Accounting.*—Where one occupies the whole estate ·in land and contests the claim of another to an interest therein, the latter is entitled, upon establishing his rights as a tenant in common, to an accounting for his just proportion of the use and occupation of the land.

SAME.—*Equity.*—An action by an excluded tenant against a co-tenant for an accounting for rents is a liberal and an equitable one, and equit-

able defences may be made; and if the plaintiff receives actual compensation for the damages sustained he has no ground of complaint.

SAME.—*Improvements Made Under Claim of Title.*—As a rule, the owner of an undivided interest in land, who occupies the whole estate in good faith, under claim and color of title to the whole, and who has made permanent and valuable improvements thereon, believing himself to be the owner of the whole estate, is accountable only for the fair rental value of the property as it was when it went into his possession.

SAME.—*Improvements Made Pending Action.*—Pending an action to establish title to an undivided interest in unimproved land, A. purchased the same and made valuable improvements thereon, his grantor in good faith claiming title to the whole estate. While the action was still undisposed of B. purchased the land. Subsequently the plaintiff was adjudged to be the owner of an undivided one third of the land. Suit against B. for an accounting.

*Held,* that, in the absence of equitable circumstances, the plaintiff is entitled to recover only on the basis of the rental value of the land before it was improved.

From the Madison Circuit Court.

*H. D. Thompson,* for appellant.

*W. A. Kittinger, L. M. Schwin* and *E. B. McMahan,* for appellee.

MITCHELL, J.—Complaint by Esther J. Carver against Joseph Fennimore, in which the plaintiff alleged that the defendant was indebted to her in a specified sum for the one-third of the profit, use and occupation of a certain lot or tract of land in the town of Alexandria, in Madison county.

Issues were made which were tried by a jury, who returned a verdict for the defendant.

The questions for decision will be understood by the following statement of facts: In 1857 Ira K. Carver, the plaintiff's husband, was the owner of 80 acres of land adjoining the town of Alexandria, which he conveyed by a deed of general warranty to his brother, William Carver. The plaintiff's name was signed to the deed without her knowledge or consent, and she remained in ignorance of the conveyance until after the death of her husband, which occurred in April, 1875. She then learned of the conveyance, and that her

signature appeared on the deed, whereupon, on the 26th day of February, 1876, she instituted a suit in the Madison Circuit Court against William Carver and about twenty others, who claimed different parcels of the land as grantees under him, to set aside the deed, for possession, and to have the title to the land quieted in her. This suit was pending in the circuit court until April, 1879, when the plaintiff recovered a judgment and decree against all the defendants in that suit, establishing and quieting her title to, and right to the immediate possession of, the undivided one-third of all the lands so conveyed, and for $125 damages against William Carver. An appeal was taken to this court, where the judgment was afterwards affirmed on the 16th day of October, 1884. *Carver* v. *Carver*, 97 Ind. 497.

William Perry owned the lot, for the use and occupation of which the plaintiff seeks to recover in the present action, at the time the suit above mentioned was commenced, and he was duly summoned as a party thereto. Pending the suit Perry conveyed by warranty deed to Mrs. Fadley, who made valuable improvements on the lot, and who, subsequently, in April, 1880, while the appeal was pending in this court, conveyed to the appellee, Fennimore. At the time the suit for possession was commenced the lot was unimproved, and the value of the use was merely nominal.

The question now is whether or not Fennimore is liable for the use and occupation of the land, and if he is, whether or not the rental value is to be estimated according to the condition of the land prior, and without reference, to the improvements placed thereon by his grantor pending the suit, or whether he must account for the value of the use of the land, with the improvements?

On behalf of the appellant it is contended that the only defence the appellee was legally entitled to make was as to the rental value of the property as it was when he had possession of it; that the judgment and decree in the former suit

determiued all questions as to the value of the improvements upon the real estate.

It may be conceded that the former judgment and decree settled conclusively all questions concerning the ownership of the land, and of the title to the improvements which had become a part of the freehold, whether such improvements existed thereon when the action was commenced, or were made pending the litigation. This concession, however, does not dispose of nor materially affect the questions for decision in the present case. The effect of the decree in the former suit was to declare, and conclusively establish the fact, that the appellant was the owner of an undivided one-third of the property in dispute, and that she was entitled to occupy the legal relation of tenant in common with those who claimed title to the lot under the deed of her deceased husband. That question is no longer open to debate, but the rights and obligations of the co-tenants, as such, in respect to the improvement or enjoyment of the common estate, had not been adjudicated.

The relation of tenant in common arises " where two or more persons are entitled to land in such a manner that they have an undivided possession, but several freeholds, $i.\ e.$, no one of them is entitled to the exclusive possession of any particular part of the land, each being entitled to occupy the whole in common with the others, or to receive his share of the rents and profits." Rapalje & Lawrence Law Dict., tit. " Tenancy in Common."

That one tenant may exclude the other from or deny his title to the common estate, does not destroy the legal relation or the respective rights and remedies of co-tenants, if they be in fact owners in common, nor does a decree establishing and quieting the title of the excluded tenant necessarily determine the rights of the parties as regards an equitable accounting in an appropriate proceeding in respect to use and occupation, nor in respect to improvements made

in good faith by the occupying tenant.    *Carver* v. *Coffman*, 109 Ind. 547.

The decree conclusively establishes the fact of common ownership in the property, but it does not necessarily settle the equities between the parties growing out of the occupancy or improvement of the common estate.

Notwithstanding the statute, section 288, R. S. 1881, which declares in effect that a tenant in common may maintain an action against his co-tenant for receiving more than his share or just proportion, the settled rule is, that a co-tenant can only be compelled to account in case he has actually received rents from a third person, or when he has entered upon and held exclusive possession of the whole estate in hostility to and to the exclusion of his co-tenant.    *Humphries* v. *Davis*, 100 Ind. 369, and cases cited; *Carver* v. *Coffman, supra*, and cases cited; *Osborn* v. *Osborn*, 62 Texas, 495; *Edsall* v. *Merrill*, 37 N. J. Eq. 114; *Early* v. *Friend*, 16 Gratt. 21 (78 Am. Dec. 649, and note); *Kean* v. *Connelly*, 25 Minn. 222 (33 Am. Rep. 458).

It appears that the appellee and his grantors occupied the whole estate, denied the right of the appellant, and contested her claim to an interest in the common property.    She is, therefore, entitled, within the rule above declared, to an accounting for her just proportion of the use and occupation of the lot in controversy.    Freeman Cotenancy and Par., sections 275, 277.

The instructions of the court relevant to the features of the case above considered, were substantially in consonance with the foregoing conclusions.

In refusing an instruction asked by the appellant, and in the admission of evidence, the court proceeded . upon the theory that the liability of the defendant was to be determined upon the basis of the rental value of the property in the condition it was prior to the making of the improvements thereon by the occupying claimants.    This the appellant contends was an erroneous theory.    The action by one

co-tenant against another for an accounting for rents is a liberal and equitable action, and equitable defences may be made, and in such a case if the excluded tenant receives actual compensation for the damages sustained, he has no just ground of complaint. Unless, therefore, some peculiar circumstances are shown, the owner of an undivided interest in land who occupies the whole estate in good faith, under claim and color of title to the whole, and has made permanent and valuable improvements under the mistaken belief that he is the owner of the whole estate, is accountable only for the fair rental value of the property in the condition in which it was when it went into his possession.

The excluded owner or tenant is not, under ordinary circumstances, entitled to the enhanced rental value resulting from the improvements made with the capital of the *bona fide* occupant, or by his grantor from whom he purchased. *Morrison* v. *Robinson,* 31 Pa. St. 456 ; *Pickering* v. *Pickering,* 63 N. H. 468.

This rule is in analogy to that prescribed by the statute governing the rights and liabilities of occupying claimants, and has, besides, the support of reason and authority. *White* v. *Stuart,* 76 Va. 546, 567 ; *Early* v. *Friend, supra.*

The defendant, and his grantor who made the improvements, went into possession of the whole lot under a duly acknowledged and recorded deed, to which the plaintiff's name as well as that of her husband appeared to have been signed. It turned out that the plaintiff's signature thereto was without authority, and the persons in possession were the owners of only an undivided two-thirds of the property after the death of the husband. It could hardly have been expected that they would surrender the whole lot upon the institution of the suit by the plaintiff, notwithstanding the deed from Ira K. Carver and wife, which appeared to have been made in 1857, nor were they bound to have the prop-

erty lie idle, unproductive and unimproved, or take the chance of paying an enhanced value for the improvements which resulted from their own enterprise.    *Ford* v. *Knapp,* 102 N. Y. 135 (55 Am. Rep. 782).

This results in no injustice to the plaintiff, while to adopt the measure of damages contended for would be inequitable and injurious to the defendant.

While a tenant in common who disseizes his co-tenant and makes improvements on the common estate may not be entitled to compensation for improvements so made, he is nevertheless entitled to have them considered when called to account in an equitable action for rents and profits.

There are no circumstances disclosed in the present case which equitably entitle the appellant to the rental value of the land with the improvements.    What the rights of the parties may be in respect to the improvements, in any other proceeding than the present, is not here considered nor determined.    These considerations lead to an affirmance of the judgment.

Judgment affirmed, with costs.

Filed Dec. 11, 1888.