No. 14,015.

HANNAH v. CARVER.

TENANTS IN COMMON.—*Occupying Claimant.*—*Rents and Profits.*—*Accounting.*—*Improvements Made under Claim of Title.*—The owner of an undivided interest in land who occupies the whole estate in good faith, under claim and color of title to the whole, and has made permanent and valuable improvements under the mistaken belief that he is the owner of the whole estate, is only accountable, unless some peculiar circumstances are shown, for the fair rental value of the property, in the condition in which it was when he took possession.

From the Madison Circuit Court.

*M. S. Robinson* and *J. W. Lovett*, for appellant.

MITCHELL, C. J.—The complaint in this case proceeds upon the theory that the plaintiff and defendant were the

Hannah v. Carver.

owners, as tenants in common, of a certain tract of land in Madison county, upon which the defendant had entered, and the possession, use, and occupation of which he enjoyed to the entire exclusion of the plaintiff below. The relief sought was an accounting for the rental value of the one-third of the land. The facts are in no material respect different from those set forth in *Carver* v. *Fennimore,* 116 Ind. 236.

The court found the facts, which are to the effect that the defendant took possession of the whole tract, under claim and color of title, and made valuable improvements, in good faith, under the belief that he owned the whole. At the time the defendant took possession the rental value of the land was nothing, but on account of the improvements made as above, the rental value of the plaintiff's one-third was worth $114.75 over and above the value of her share of the improvements, taxes, etc. As a conclusion of law, the court stated that the plaintiff was entitled to recover the sum above stated. This conclusion is in conflict with the judgment in *Carver* v. *Fennimore, supra.* In that case the conclusion reached was that unless some peculiar circumstances were shown the owner of an undivided interest in land who occupies the whole estate in good faith, under claim and color of title to the whole, and has made permanent and valuable improvements under the mistaken belief that he is the owner of the whole estate, is accountable only for the fair rental value of the property in the condition in which it was when he took possession. *Early* v. *Friend,* 16 Gratt. 21 (78 Am. Dec. 649) ; *White* v. *Stuart,* 76 Va. 546 ; *Pickering* v. *Pickering,* 63 N. H. 468 ; *Morrison* v. *Robinson,* 31 Pa. St. 456.

Adhering to the conclusion above stated, it follows that the judgment must be reversed, with costs.

Filed Dec. 17, 1889.