Harry *et al. v.* Harry.

No. 14,678.

## HARRY ET AL. *v.* HARRY.

LANDLORD AND TENANT.—*Lease to Co-Tenant.—Holding Over.—Liability for Rent.*—Where the duration of the tenancy is definitely fixed by the terms of the agreement under which the tenant goes into possession of the premises which he is to occupy, and he continues to occupy after the close of the term without a new contract, the rights of the parties are controlled by the terms and conditions of the contract under which the entry was made. The same rule applies where the landlord and tenant hold title as tenants in common as in other cases.

SAME.—*Tenants in Common —Improvements Made and Services Rendered in Absence of Contract.*—One tenant in common can not charge his co-tenant for improvements voluntarily made upon the joint estate, nor for voluntary services in managing it.

SAME.—*Improvements and Labor.*—The tenant can not charge his landlord for improvements made upon the leased property, or for labor performed on the premises, in the absence of an express contract.

SAME.—*Counter-Claim.—Pleading.*—In an action for rent an answer in the nature of a counter-claim, alleging that the plaintiff is indebted to the defendants for labor performed in paying taxes, without alleging that the defendant furnished the money with which they were paid, is bad.

From the Henry Circuit Court.

*J. M. Brown* and *W. A. Brown,* for appellants.

BERKSHIRE, J.—The appellee was the plaintiff below. He alleged in his complaint that he and the appellants were tenants in common of certain real estate, the undivided interest of the appellee being equal to the one-eighth of said real estate; that on the 17th day of August, 1885, he leased to the appellants, for the term of one year, his interest in said real estate for such rent as the same was reasonably worth; that at the close of said year the appellants continued in possession of said real estate and held and occupied the same during the second year; that the reasonable rental value of said premises for the first year was fifty dollars, and for the second year fifty dollars; that the rent for the second year is due and unpaid.

The appellants demurred to the complaint, and their de-

murrer being overruled they reserved an exception. They then filed an answer in two paragraphs, the first of which was a general denial. The second paragraph is in the nature of a counter-claim. It alleges that the appellee is indebted to the appellants in the sum of fifty dollars for work and labor done and performed on the premises, consisting of fencing, ditching, grading, clearing, building bridges, paying taxes and manuring said real estate, whereby the value of said real estate has been greatly increased.

To this paragraph of answer the appellee submitted a demurrer, which was by the court sustained, and the appellants saved an exception.

The cause was thereafter submitted to the court for trial, the result of which was a finding and judgment for the appellee in the sum of thirty-five dollars.

The assignment of error brings in question the correctness of the court's rulings in overruling the demurrer to the complaint, and in sustaining the demurrer to the answer.

The first year's occupancy of the premises was under a contract which was valid and binding upon all the parties; counsel for the appellant make no contention to the contrary. This being true, the contract created the relation of landlord and tenant. See *Hamby* v. *Wall*, 48 Ark. 135 (3 Am. St. Rep. 218).

It is well settled that where the duration of the tenancy is definitely fixed by the terms of the agreement under which the tenant goes into possession of the premises which he is to occupy, and he continues to occupy after the close of the term without a new contract, the rights of the parties are controlled by the terms and conditions of the contract under which the entry was made.

The tenant is still a tenant by contract. *Tinder* v. *Davis*, 88 Ind. 99; *Coomler* v. *Hefner*, 86 Ind. 108; *Bollenbacker* v. *Fritts*, 98 Ind. 50; *New York, etc., R. W. Co.* v. *Randall*, 102 Ind. 453.

We have been unable to find any exception to this rule in

cases where the landlord and tenant held title to the real estate as tenants in common, and counsel for the appellants have referred us to none. Upon principle we think the rule should be the same as in other cases.

The appellee in this case had a right to rely upon the contract made for the first year's occupancy, as having been renewed or extended to the second year, as the appellants continued to occupy the premises, and manifested no inclination to have a different arrangement.

We are referred to the case of *Crane* v. *Waggoner*, 27 Ind. 52, as indicating the rule which prevails as between tenants in common. But the rule there laid down only applies in the absence of a contract, and where there has been no denial by the tenant in possession of the right of his co-tenant to jointly occupy the premises with him.

The rule as declared in that case is a well settled rule in this State, and can not be disregarded. *Humphries* v. *Davis*, 100 Ind. 369 ; *Carver* v. *Fennimore*, 116 Ind. 236. But we do not regard this rule as so manifestly equitable that it is entitled to such liberal construction as to create an exception to the rule which prevails between landlord and tenant referred to above in the class of cases to which the one under consideration belongs.

The last named rule is a just and equitable one, while the other is tempered with no equitable principle, but is purely a technical rule.

We do not think the court erred in overruling the demurrer to the complaint. And notwithstanding the liberality in practice and pleading that prevails before justices of the peace, the second paragraph of the answer filed by the appellants is bad.

It is equivocal in its averments, and hence it is difficult to determine whether the claim therein put forward is for work and labor performed, or for improvements made upon the joint estate. But whatever may be the theory of the answer, it is bad.

It is well settled law in this State that one tenant in common can not charge his co-tenant for improvements voluntarily made upon the joint estate. *Elrod* v. *Keller*, 89 Ind. 382; *Carver* v. *Fennimore*, 116 Ind. 236 (242); *Lane* v. *Taylor*, 40 Ind. 495. See, also, *Annely* v. *De Saussure*, 26 S. C. 497 (4 Am. St. Rep. 725).

We are not aware of any case where this court has passed directly upon the question as to the right of one co-tenant to recover from another for services rendered in looking to the welfare and in the management of the joint estate in the absence of an express agreement, but the principle involved is covered by the cases *supra*. And there is abundant authority elsewhere to the effect that no such liability exists. *Redfield* v. *Gleason*, 61 Vt. 220 (15 Am. St. Rep. 889); *Hamilton* v. *Conine*, 28 Md. 635 (92 Am. Dec. 724).

Besides, as the relation of landlord and tenant existed between the parties, the right of the appellants to compensation, either for improvements or for work and labor performed, must be controlled by the rule which governs as between landlord and tenant. That the tenant can not charge his landlord for improvements made upon the leased property, except by express contract, is too well settled to demand a citation of authority, but see our cases: *Purcell* v. *English*, 86 Ind. 34; *Lucas* v. *Coulter*, 104 Ind. 81; *Hopkins* v. *Ratliff*, 115 Ind. 213. And it is equally well settled that the tenant can not charge his landlord for work and labor performed in and about the leasehold estate, or in its management, where there is no agreement that he shall be compensated therefor.

But it is insisted that the appellee is chargeable with his proportion of the taxes, to which the joint estate was subject, paid by the appellants.

Conceding the correctness of this insistence, it lends no support to the answer. There is no direct averment that the appellants made any payments on account of taxes for which the real estate was liable; if it can be said that there

is any indication in the answer that such payment was made it is by mere indirection. The charge is for work and labor in paying taxes, and not for taxes paid. What amount was paid, or who furnished the money with which to make the payment, does not appear. For all that appears in the answer, so far as any payment may have been made, the appellee may have furnished the money.

The court committed no error in sustaining the demurrer to the answer.

There is no error in the record.

Judgment affirmed, with costs.

Filed Jan. 29, 1891.