## JOHNSON v. PRITCHARD.

[No. 13,881. Filed June 10, 1930.]

*George L. Bridenhager*, for appellant.
*Bossert & Bossert*, for appellee.

McMAHAN, J.—This is an action by appellee against appellant to recover for work and labor performed at a time when appellee, under an oral contract of tenancy, occupied a farm owned by appellant. There was a judgment for appellee for $170.47. Appellant contends the decision of the court is not sustained by the evidence, and that it is contrary to law.

The facts as disclosed by the evidence are: That appellant and appellee entered into an oral agreement whereby appellant rented his farm to appellee; appellee was to furnish all the labor necessary, while appellant was to furnish the necessary tools and equipment; appellee was to have the farm for "one year, and for as much longer as was satisfactory to all concerned," and he was to get one third of all the grain and hay raised on the farm; appellee took possession of the farm under this

agreement March 1, 1925, and remained in possession until April 1, 1926, when, as the result of an action before a justice of the peace, he was evicted. Appellant testified that in October, 1925, he told appellee that he was not satisfied with the latter, and that he would have to vacate the farm. Appellee testified that he received this notice in February, 1926. During the time appellee was on the farm, he erected a small amount of fencing, hauled manure as the same was made, set out a few peach trees which had grown from seed planted the year before, set out some raspberry bushes and some strawberry plants which had been raised by appellee on the land, hauled some sand and gravel which were used in erecting a chicken house, helped build the chicken house, and worked on concrete porches and in repairing the curb of the cistern.

There is no evidence that there was any express agreement on the part of appellant to pay appellee for any of this work. When the work was done, appellee made no charge for it, and did not expect to be paid for it. He thought he would remain on the farm longer than he did, and that he would receive sufficient benefits from the work to justify him in doing it. There was no agreement as to what would happen if the contract of tenancy was terminated by either of them. Appellee never informed appellant that he expected to be paid for this work. The first intimation appellant had that appellee was making such a claim was when this action was commenced, which was after appellee had moved off the farm.

As was said in *Harry* v. *Harry* (1891), 127 Ind. 91, 26 N. E. 562: "That the tenant can not charge his landlord for improvements made upon the leased property, except by express contract, is too well settled to demand a citation of authority. . . . And it is equally well settled that the tenant can not charge his landlord for

work and labor performed in and about the leasehold estate, or in its management, where there is no agreement that he shall be compensated therefor."

Appellee seeks to recover on an implied agreement. This he cannot do.

The decision of the court is contrary to law. Judgment reversed, with directions to sustain the motion for a new trial.