Marion F. BIGGERSTAFF, Appellant
(Defendant Below),

v.

VANDERBURGH HUMANE SOCIETY,
INC., Appellee (Plaintiff Below).

No. 4–483A104.

Court of Appeals of Indiana,
Fourth District.

Sept. 15, 1983.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for appellant.

Yocum & Hahn, Evansville, for appellee.

YOUNG, Judge.

Defendant-appellant Marion Biggerstaff appeals the Vanderburgh Circuit Court's judgment in favor of plaintiff-appellee Vanderburgh Humane Society, Inc. (hereinafter the Humane Society) for $1,832.00. On appeal, Biggerstaff contends the evidence was insufficient to support any legal theory obligating him to reimburse the Humane Society for expenses incurred in caring for his five Great Danes. We affirm.

The following is a recitation of the facts relevant to this appeal. Pursuant to a search warrant, the five dogs were seized from Biggerstaff on May 11, 1981 and placed with the Humane Society. On August 27, 1981, Biggerstaff was convicted of Cruelty to An Animal, a Class B misdemeanor. On August 31, Biggerstaff obtained a court order prohibiting the Humane Society from following its usual practice of

placing unwanted animals in adoptive homes or euthanizing them. The order was in effect during the pendency of Biggerstaff's appeal. After the Court of Appeals affirmed the conviction on June 24, 1982, the Humane Society initiated the civil action against Biggerstaff for the value of goods and services rendered in caring for the dogs from May 11, 1981 to June 24, 1982.

In arguing the trial court erred in awarding the judgment to the Humane Society, Biggerstaff claims there was neither an express contract nor a contract implied in fact or law. As we believe restitution was appropriate in this case, we will limit our discussion to the theory of constructive contract or contract implied in law.

■ A constructive contract is not a contract in the true sense because it provides for the imposition of liability where there is no mutual assent between the parties. *Gooch v. Hiatt,* (1975) 166 Ind.App. 521, 337 N.E.2d 585; *Dyer Construction Co., Inc. v. Ellas Construction Co., Inc.,* (1972) 153 Ind. App. 304, 287 N.E.2d 262. The concept is a legal fiction providing a remedy to prevent unjust enrichment, thereby promoting justice and equity. *Id.*

■ To recover under the theory of implied contract or quantum meruit,[1] the plaintiff is usually required to establish that the defendant impliedly or expressly requested the benefits conferred. *First Valley Bank v. First Savings & Loan Association of Central Indiana,* (1980) Ind.App., 412 N.E.2d 1237; *Kody Engineering Co., Inc. v. Fox & Fox Insurance Agency, Inc.,* (1973) 158 Ind.App. 498, 303 N.E.2d 307. Additionally, relief will be denied if the plaintiff did not contemplate a fee in consideration of the benefit or if the defendant could not reasonably believe the plaintiff expected a fee. *Id.* Stated more simply, these two rules preclude recovery where the benefit is officiously or gratuitously conferred.

■ Biggerstaff attempts to dodge liability by arguing that the court order cannot be construed as an implied or express request of the Humane Society to continue caring for the dogs. He argues the court order was his only recourse for protecting the limited rights he retained in the animals.

Biggerstaff's interests in the animals could not have been "protected"[2] without enlisting the services of the Humane Society. The court order went beyond a request for those services in that the Humane Society had no choice but to continue caring for the animals, thereby incurring substantial expenses. There is no reason to believe, nor any evidence to indicate that the Humane Society would not have put the dogs up for adoption or euthanized them had it not been for the court order.

We also believe the trial court properly ordered reimbursement for expenses incurred in caring for the animals from the time they were seized to the time the court order was issued. We cannot agree with Biggerstaff's argument that the benefits conferred during that period were "officiously thrust" upon him.

■ "Officiousness" is a term traditionally used to describe interference in the affairs of others that is not justified under the circumstances. FARNSWORTH, CONTRACTS § 2.20, at 100 (1982). In many instances, courts have allowed restitution for services performed or goods supplied without request, knowledge, or consent. 66 AM.JUR.2d *Restitution and Implied Contracts* § 5 (1973). If benefits are conferred under circumstances making such action necessary for the protection of interests of the other or a third person, restitution will not be denied in the absence of a request.

---

1. Indiana courts have used the following terms synonymously: quasi-contract, contract implied in law, constructive contract, and quantum meruit. *See Matter of Estate of Carroll,* (1982) Ind.App., 436 N.E.2d 864; *Matter of Widau,* (1978) 177 Ind.App. 215, 378 N.E.2d 936.

2. We note the irony implicit in this contention. Had the Humane Society not taken custody of the animals, it is doubtful Biggerstaff would have had any interests at all.

*Id.,* § 23; *see also Everhart v. Miles,* (1980) 47 Md.App. 131, 422 A.2d 28; *Greenspan v. Slate,* (1953) 12 N.J. 426, 97 A.2d 390; *Nursing Care Services, Inc. v. Dobos,* (1980) Fla. Dist.Ct.App., 380 So.2d 516; *Tipper v. Great Lakes Chemical Co.,* (1973) Fla., 281 So.2d 10.[3]

When the dogs were taken into custody, they were found in a filthy building owned by Biggerstaff. The dogs were extremely thin, had rough, lackluster coats, abnormally worn teeth, and their stool was mucousy and loose. *Biggerstaff v. State,* (1982) Ind. App., 435 N.E.2d 621. The animals were diagnosed as suffering from hook worms and malnutrition. *Id.* The evidence of neglect was sufficient to convict Biggerstaff and clearly establishes the animals were in great need of care and attention. The Humane Society's care and custody of the animals was necessary for their continued existence. By caring for the dogs, the Humane Society also preserved Biggerstaff's due process rights. Had he not been convicted, he would have been entitled to have the dogs returned to him. The fact that that event never transpired is inconsequential in determining the issue of liability. Under the circumstances cited above, the Humane Society was clearly justified in taking steps necessary to revive the animals' health. It was entitled to restitution for expenses thereby incurred.

Furthermore, even though Biggerstaff did not request the Humane Society's services prior to the court order, his awareness of the Humane Society's custody coupled with his failure to grant it the authority to follow its regular procedure, acted as a voluntary acceptance of those services. *See generally Plastics & Equipment Sales v. DeSoto, Inc.,* (1980) 91 Ill.App.3d 1011, 47 Ill.Dec. 487, 415 N.E.2d 492; *Nursing Care Services, Inc. v. Dobos, supra.* As there is no evidence either party believed the services were gratuitous, Biggerstaff's acceptance provides an additional basis for granting restitution.

The trial court's judgment is affirmed.

CONOVER, P.J., and MILLER, J., concur.

---

**3.** Cases in which restitution has been ordered absent a showing the benefits were requested typically involve emergency situations and payments mistakenly rendered to a person other than the true creditor.