Joseph Leon Payne, Austin, for appellants (defendants below).

Thomas E. Everitt, Everitt, Houston & Thompson, Scottsburg, for appellee (plaintiff below).

**Wiley McINTOSH and Clara McIntosh, Husband and Wife, Appellants (Defendants Below),**

v.

**John M. TURNER, Appellee (Plaintiff Below).**

**No. 4–585A121.**

Court of Appeals of Indiana, Third District.

Dec. 16, 1985.

HOFFMAN, Judge.

Defendants-appellants Wiley and Clara McIntosh appeal an adverse jury decision in favor of plaintiff-appellee John Turner in the amount of $10,500.00 and costs. Turner brought suit against the McIntoshes alleging breach of a written purchase agreement.

The evidence relevant to this appeal discloses that in June 1983 Turner, Wiley McIntosh and a realtor discussed the possibility of Turner buying some farm land owned by the McIntoshes as tenants by the entirety. Later, the realtor prepared a purchase agreement for the land. Turner signed the agreement on June 18, 1983. A few days later Turner and the realtor presented the agreement to Wiley McIntosh for his signature, after which a discussion ensued regarding the exact dimensions and acreage of the land. All parties agree that Clara McIntosh was never consulted

about the purchase and that she did not sign the purchase agreement. The land was never conveyed and Turner brought suit on the agreement.

The McIntoshes moved to dismiss the action prior to trial alleging that no agreement existed because Clara McIntosh had not signed the contract. The trial court denied the motion and the action proceeded to trial. The court again denied the motion after it was renewed at trial. Following presentation of all evidence, the jury returned a verdict for Turner, on the purchase agreement.

Of the three errors raised by the McIntoshes, one is dispositive. As restated, the issue is: whether a contract for the sale of tenants by the entirety property is valid when signed by only one spouse.

The McIntoshes rely upon *Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977 for the proposition that a contract for the sale of tenants by the entirety property must be signed by both parties to be valid. *See also, Dyer et al. v. Eldridge et al.* (1894), 136 Ind. 654, 36 N.E. 522; *Gates et al. v. Petri* (1957), 127 Ind.App. 670, 143 N.E.2d 293. In *Biggs*, the plaintiff pursued a remedy based upon the Code of Ethics of the National Association of Realtors, but did not claim that a valid contract existed. *Biggs, supra*, 446 N.E.2d at 984. Such is not the case here. Turner's cause was grounded on a breach of the contract. Absent a valid agreement, Turner could not recover.

While acknowledging that Clara McIntosh did not sign the agreement, Turner contends that Wiley was acting as Clara's agent when he signed the agreement. A relationship as husband and wife does not in itself create agency, although it is one circumstance, along with others, which is relevant to a showing of an implied agency. *Idlewine v. Madison County Bank & Trust Co.* (1982), Ind.App., 439 N.E.2d 1198. Merely owning property as tenants by the entirety does not ordinarily bind one spouse when the other has contracted with a third person, unless the contracting spouse is authorized, or the non-

contracting spouse ratifies the act. *Bayes v. Isenberg* (1981), Ind.App., 429 N.E.2d 654, 659.

Turner introduced evidence that the McIntoshes had engaged in prior sales of land, and in each case both Wiley and Clara had signed the purchase agreements. Turner also elicited evidence that this particular transaction was the first which Clara had refused to sign. This evidence tends to support a lack of agency between Clara and Wiley.

Wiley did not sign Clara's name to any of the previous transactions; Clara had always signed for herself. *See, Moehlenkamp v. Shatz* (1979), Ind.App., 396 N.E.2d 433 (implied agency found because husband conducted business affairs and often signed wife's name to documents requiring both signatures). Additionally, none of the prior sales transactions contained only Wiley's signature.

Clara testified, and Turner agreed, that she had not participated in the discussions regarding the purchase. Further, Clara testified that had she been consulted, she would not have agreed to the sale on the basis of the price. Both Wiley and Clara testified that Wiley did not have authority to act as Clara's agent. The evidence adduced at trial does not establish an agency relationship.

Accordingly, the judgment is reversed and the trial court is ordered to enter judgment for the defendants.

GARRARD, J., concurs.

STATON, P.J., dissents with opinion.

STATON, Presiding Judge, dissenting.

I dissent. Sufficient evidence to establish agency was for the jury to decide—not this Court. The majority overlooks this very basic and fundamental principle in reaching its conclusion that the judgment of the trial court should be reversed. The jury may not have believed the witnesses or the authenticity of the evidence presented at trial. The fact that the majority does

is not important under our standard of review.  Therefore, I dissent.