**Wiley McINTOSH and Clara McIntosh, Husband and Wife, Appellants (Defendants Below),**

v.

**John M. TURNER, Appellee (Plaintiff Below).**

No. 4–585A121.

Court of Appeals of Indiana, Third District.

Feb. 20, 1986.

Joseph Leon Payne, Austin, for appellants.

Thomas E. Everitt, Everitt, Houston & Thompson, Scottsburg, for appellee.

## OPINION ON REHEARING

HOFFMAN, Judge.

Plaintiff-appellee John M. Turner petitioned this Court for rehearing of a decision rendered on December 16, 1985, Ind. App., 486 N.E.2d 565, which reversed a judgment obtained by Turner against defendants-appellees Wiley and Clara McIntosh. Turner's petition states that this Court found that the McIntoshes were entitled, as a matter of law, to retain an earnest money deposit made by Turner. The decision by this Court did not address the earnest money deposit made by Turner.

Evidence at the trial demonstrated that the earnest money deposit was given to a realtor who was originally a party to the suit, and later dismissed from the action by Turner. Additionally, the realtor testified at the trial that he had tendered the earnest money deposit back to Turner on at least two occasions and was still willing to return the deposit.

The complaint by Turner and the instructions given by the court were based on the contract for sale of real estate. The decision by this Court held only that Turner was not entitled to recover damages based on the contract, in that the sale of tenants by the entirety property must be signed by both parties to be valid. *Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977. Thus, the earnest money deposit was not an issue in the appeal. The decision did not foreclose return of the deposit, or collection of the deposit by some means other than a suit on the real estate contract.

The petition for rehearing is denied.

GARRARD, J., concurs.

STATON, P.J., dissents.