**Thomas F. STONE, Appellant (Plaintiff Below),**

v.

**Mark E. MANSHIP, M.D., Appellee (Defendant Below).**

No. 72A04–8607–CV–203.

Court of Appeals of Indiana, Fourth District.

March 25, 1987.

Larry J. Schad, New Albany, for appellant.

James C. Tucker, Tucker and Tucker, Paoli, for appellee.

CONOVER, Presiding Judge.

Plaintiff-Appellant Thomas F. Stone (Stone) appeals the trial court's judgment in favor of Defendant-Appellee Mark E. Manship, M.D. (Manship) following a bench trial in which Stone asked the trial court to (a) void a contract for the sale of legend drugs[1] from Manship to Stone, and (b) order Manship to repurchase these drugs from Stone.

We affirm.

ISSUES

Stone presents two issues for our review. We restate them as follows:

1. whether a contract to sell legend drugs by a licensed physician (Manship) to a person (Stone) acting in his capacity as owner and executive director of a health clinic is unlawful and void as against public policy, and

2. if so, whether the physician should be required to repurchase the drugs.

FACTS

Stone, a licensed registered nurse in

---

1. IND.CODE 16-6-8-2 reads, in part,

. . . . .

(k) "Legend drug" means any drug which the Secretary of Health, Education and Welfare has determined by regulation as of January 1, 1987, must:

(1) be dispensed only (i) upon written prescription of a practitioner; (ii) upon an oral prescription of the practitioner which is reduced promptly to writing and filed by the pharmacist; or (iii) by refilling a written or oral prescription if refilling is authorized by the practitioner either in the original written prescription or by oral prescription which is reduced promptly to writing and filed by the pharmacist, pursuant to 21 U.S.C. Sec. 353(b)(1); and

(2) bear the statement on its label prior to the drug being dispensed "Caution: Federal law prohibits dispensing without prescription," pursuant to 21 U.S.C. Sec. 353(b)(4).

Indiana,[2] owned jointly with his father a tract of land in Palmyra, Indiana. In tribute to Stone's deceased mother, he built a medical clinic on this tract.

Manship is a physician holding an unlimited license to practice medicine in this state. Prior to August, 1984, he maintained medical offices in Hardinsburg and Salem, Indiana. Two other physicians, Dr. Anderson and Dr. Crawford also practiced at the Hardinsburg office.

Prior to completion of the clinic, Stone and Manship entered into an agreement whereby Stone purchased from Manship the medical equipment and legend drugs located at Manship's medical office in Hardinsburg. Further, doctors Manship, Anderson, and Crawford agreed to work at Stone's clinic for an hourly wage. The clinic opened in August, 1984, employing the above three physicians along with a fourth physician, Dr. Johnson.

The medical equipment Stone purchased was to be used by any physician working in or for the clinic. The drugs Stone purchased were to supply the clinic and to be dispensed only to patients at the physicians' direction.

Following a disagreement in October, 1984, over Stone's purchase from a drug wholesaler of a controlled substance for his own personal use, doctors Manship, Anderson, and Crawford resigned from the clinic. In November, 1984, Stone was charged with engaging in the practice of pharmacy without a license and filling a prescription without a valid pharmacy permit. These charges arose from an incident wherein Stone dispensed, without a physician's direct order, a legend drug to an undercover police officer. During Stone's arrest, the Indiana State Police seized as evidence most of the drugs on hand at the clinic. Although the State Police are still holding these drugs, Stone may designate their release to any duly licensed physician under the trial court's order in this case. It reads in part

TO: INDIANA STATE POLICE

The defendant having been sentenced in this cause, and the materials seized pursuant to a warrant by this Court on November 20, 1984, from the Palmyra Community Medical Center in Palmyra, Indiana, no longer being needed for evidence purposes.

IT IS HEREBY ORDERED that the Indiana State Police relinquish said seized materials to any duly licensed physician designated by Thomas F. Stone.

. . .

(R. 106). Following this incident, Stone has been unable to secure the permanent services of any physicians to staff the clinic.

From the time the clinic opened to the time the physicians resigned, legend drugs were dispensed under the direction of a physician employed by the clinic to its patients who wanted to purchase their medication at the clinic. Also during this time, Stone purchased additional legend and non-legend drugs to replenish those dispensed. He paid $15,000 for the drugs he purchased from Manship. The additional drugs ordered totaled approximately $3,800. The various suppliers thereof, have not been fully paid.

Stone offered Manship the opportunity to repurchase all the remaining drugs he originally purchased from Manship, plus the remaining drugs on hand he had ordered after the clinic opened. Manship declined the offer. Stone then filed a complaint for declaratory judgment claiming "he does not have a license to dispense" the drugs in his possession. The complaint asked the trial court to "declare the contract between the parties to be null and void, and against public policy," and to order Manship "to repurchase all of said items from the plaintiff." (R. 8). After a bench trial, the trial judge entered a final judgment against Stone.

Stone filed a motion to correct errors claiming the trial court erred as a matter of law in not granting a declaratory judgment in his favor. The motion was denied. Stone appeals.

Further facts as necessary appear below.

2. Now suspended.

## DISCUSSION AND DECISION

■■■ Stone appeals a negative judgment. On review, we will presume the trial court committed no error and correctly applied the law. Therefore, it is Stone's burden to demonstrate reversible error. *Abels v. Monroe County Education Association* (1986), Ind.App., 489 N.E.2d 533, 540. When reviewing the judgment, we neither reweigh the evidence, nor judge the credibility of the witnesses. Rather, we only consider the evidence most favorable to the judgment and all inferences which may be reasonably drawn therefrom. If substantial evidence of probative value supports the trial court's judgment, we will affirm. *Id.*

Stone contends he is not a person who can legally purchase legend drugs. In support of his contention, he cites IND.CODE 16-6-8-3 [3] and 16-6-8-4 [4] claiming he is not authorized under either of these two sections to purchase them. We disagree.

■■■ IND.CODE 16-6-8-4(b)(3) permits the sale or possession of legend drugs to "persons who procure legend drugs for handling by or under the supervision of pharmacists or practitioners *employed by them....*" (Emphasis added). Stone argues this section does not apply to him because "[u]nder the arrangement estab-

lished by the appellee, the appellant was not an employee or other person under the terms of IC 16-6-8-4(b)(3) above. In fact, the appellee was an employee of the appellant." (Appellant's Brief, p. 9). Stone misconstrues this section. It authorizes purchase and possession of such drugs by persons who employ pharmacists or practitioners. Thus, the fact Manship was Stone's employee cannot support Stone's argument he does not qualify under this section. Further, Stone testified he bought the drugs to equip his clinic with a supply of drugs to be dispensed only upon the physicians' directions, or directly by the physicians themselves. (R. 115–116, 94). Thus, Stone was an authorized "person" under IC 16-6-8-4(b)(3).

■■■ Stone claims the sale of drugs from Manship included drugs classified as controlled substances. Citing IC 35-48-4-7,[5] he contends he is not a person who can legally possess controlled substances. We agree. However, the evidence most favoring the trial court's judgment reveals Manship did not sell to Stone, nor authorize or request Stone to order any controlled substances. Thus, Stone's subsequent illegal possession of controlled substances resulted from his own actions, and is unconnected to the original transaction between

---

**3.** 16-6-8-3 Unlawful acts; exceptions

Sec. 3. (a) Except as provided in section 4 of this chapter, the sale of any legend drug is unlawful, unless:
(1) such legend drug is dispensed by a pharmacist....
(2) such legend drug is delivered by the practitioner in good faith in the course of practice....

(c) The possession or use of a legend drug or a precursor by any person is unlawful unless such person obtains such drug:
(1) on the prescription or drug order of a practitioner; or
(2) in accordance with subsection (a)(2), or section 4 of this chapter.

**4.** 16-6-8-4 Authorized sale or possession

Sec. 4. The provisions of subsections (a) and (c) of section 3 of this chapter are not applicable:
(a) to the sale of legend drugs to persons included in any of the classes named in claus-

es (1) through (6) in this section, or to the agents or employees of such persons, for use in the usual course of their business or practice or in the performance of their official duties, as the case may be; or
(b) to the possession of legend drugs by such persons or their agents or employees for such use:

(3) Persons who procure legend drugs for handling by or under the supervision of pharmacists or practitioners employed by them, or for the purpose of lawful research, teaching, or testing, and not for resale;

**5.** IC 35-48-4-7. Possession of a controlled substance.

(a) A person who, without a valid prescription or order of a practitioner acting in the course of his professional practice, knowingly or intentionally possesses a controlled substance (pure or adulterated) classified in schedule I, II, III, or IV, except marijuana or hashish, commits possession of a controlled substance, a class D felony.

Stone and Manship, clearly a lawful transaction.

Stone further claims since he could not legally purchase or possess these drugs, the contract with Manship for their sale should be declared void as against public policy. Under principles of equity, Manship should be required to repurchase these drugs, Stone contends.[6] However, the original transaction was legal. In the absence of legislation to the contrary, there is ordinarily no public policy preventing parties from contracting as they see fit. *Center Township of Porter County v. City of Valparaiso* (1981), Ind.App., 420 N.E.2d 1272, 1275, *trans. denied.*

Even assuming *arguendo* Stone could not legally purchase or possess these drugs, he still has no basis for recovery. Indiana has long adhered to that maxim of equity which states he who comes to equity must come in with clean hands. *Gates v. Fauvre* (1918), 74 Ind.App. 382, 402, 119 N.E. 155, 162; *Roberts v. Vonnegut* (1914), 58 Ind.App. 142, 155, 104 N.E. 321, 326. If Stone could not have purchased or possessed these drugs legally, he did not seek equity with clean hands.

Accordingly, we find no error in the trial court's judgment.

Affirmed.

GARRARD, P.J., and MILLER, J., concur.

---

6. In passing, we note Stone desires $20,994.50 from Manship for the repurchase of these drugs. Interestingly, Stone's purchases totaled approximately $18,800. In addition, he testified an average of $200 to $300 worth of drugs were dispensed from the clinic's stock each day the clinic was operating.