■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBIE BOOKER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered August 25, 1989, convicting him of criminally negligent homicide, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and a codefendant, Emmett Swendsen, Jr., were charged with murder in the second degree and manslaughter in the second degree. The defendant was charged with aiding and abetting Swendsen in causing the death of the victim, Rodney Coleman. Mr. Coleman died as the result of asphyxiation due to the fracture of his larynx. Swendsen later pleaded guilty to manslaughter in the second degree. The defendant elected to be tried by the court.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The People were not required to prove that the defendant himself imposed the mechanical pressure which caused the fracture of the victim's larynx. In order to sustain the verdict rendered by the trial court, the People were required to prove only that while "fail[ing] to perceive a substantial and unjustifiable risk of death" (Penal Law § 15.05 [4]), the defendant aided or abetted Mr. Swendsen in committing the act which did, unquestionably, cause the victim's death (see, Penal Law § 20.00; People v Flayhart, 72 NY2d 737, 741; see also, People v Lieberman, 3 NY2d 649, 653). The People have met their burden of proof in this respect. Moreover, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contention, regarding his justification defense, and find it to be without merit. Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.